DALLAS COUNTY, Texas, Appellant,

v.

Cayce COSKEY, Appellee.

No. 05–07–00160–CV.

Court of Appeals of Texas,
Dallas.

March 4, 2008.

Rehearing Overruled April 3, 2008.

Grant Hugh Brenna, Asst. Dist. Atty., Dallas, for Appellant.

Sean Joseph McCaffity, DeWolf McCaffity, L.L.P., Plano, for Appellee.

Before Justices MORRIS, MOSELEY, and O'NEILL.

## OPINION

Opinion by Justice MOSELEY.

In a single issue, Dallas County argues the trial court abused its discretion by denying its Plea to the Jurisdiction and Motion to Dismiss based on section 89.0041 of the local government code because Cayce Coskey failed to deliver written notice of her suit by certified or registered mail as required by the statute. *See* TEX. LOC. GOV'T CODE ANN. § 89.0041(b) (Vernon Supp.2007). Assuming section 89.0041 applies here, we conclude the means for delivering written notice specified therein is not jurisdictional and that Coskey substantially complied with the requirement for delivering written notice of her suit, which is sufficient. Accordingly, we resolve Dallas County's issue against it and affirm the trial court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The presiding judge of Dallas County Court at Law No. 3 terminated Coskey from her job as a court reporter. On July 25, 2006, Coskey filed suit against Dallas County, alleging wrongful termination pursuant to the Whistleblower Act. *See* TEX. GOV'T CODE ANN. §§ 554.001–.010 (Vernon 2004). An affidavit of service shows that, on July 26, 2006, a citation, Coskey's original petition and request for disclosure, and exhibits were delivered to Dallas County Judge Margaret Keliher. On August 21, 2006, Dallas County filed an answer and served a request for disclosure. By letter dated August 22, 2006, Coskey's counsel wrote to a Dallas County assistant district attorney requesting dates for depositions. By letter dated August 23, 2006, Coskey's counsel sent a first request for production of documents to the assistant district attorney.

Dallas County subsequently filed a Plea to the Jurisdiction and Motion to Dismiss,

relying on evidence that it did not receive a certified or registered letter by the thirtieth business day after Coskey filed suit. Dallas County argued that Coskey's suit should be dismissed because she did not comply with the plain language of section 89.0041(b) and that section was jurisdictional.

Coskey responded to this pleading, arguing, in part, that she substantially complied with the requirements of the statute, which was sufficient. After a hearing, the trial court denied Dallas County's Plea to the Jurisdiction and Motion to Dismiss. This interlocutory, accelerated appeal followed. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2007); TEX.R.APP. P. 28.1.

## II. STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). The existence of subject matter jurisdiction is a question of law; thus, we review *de novo* the trial court's ruling on a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004).

## III. APPLICABLE LAW

Section 89.0041 provides for notice of suit against a county. It states:

(a) A person filing suit against a county or against a county official in the official's capacity as a county official shall deliver written notice to:

　　(1) the county judge; and

　　(2) the county or district attorney having jurisdiction to defend the county in a civil suit.

(b) The written notice must be delivered *by certified or registered mail* by the

30th business day after suit is filed and contain:

(1) the style and cause number of the suit;

(2) the court in which the suit was filed;

(3) the date on which the suit was filed; and

(4) the name of the person filing suit.

(c) If a person does not give notice as required by this section, the court in which the suit is pending shall dismiss the suit on a motion for dismissal made by the county or the county official.

TEX. LOC. GOV'T CODE ANN. § 89.0041 (emphasis added).[1]

Section 311.034 of the Government Code, titled "Waiver of Sovereign Immunity," provides in relevant part: *"Statutory prerequisites to a suit,* including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp.2007) (emphasis added). Questions of law and the application of law to the undisputed facts are subject to de novo review. *See Ferry v. Sackett,* 204 S.W.3d 911, 912 (Tex.App.-Dallas 2006, no pet.).

## IV. ANALYSIS

### A. Notice Provision as Jurisdictional Requirement

■ Relying on the portion of section 311.034 quoted above, Dallas County argues the notice required by Section 89.0041 is jurisdictional and because Coskey failed to meet its requirements, her suit should be dismissed for lack of jurisdiction.

Statutory interpretation is a question of law. *In re Canales,* 52 S.W.3d 698, 701 (Tex.2001) (orig.proceeding). Our primary goal in interpreting a statute is to ascertain and to effectuate the legislature's intent. *Id.* In doing so, we begin with the statute's plain language because we assume that the legislature tried to say what it meant; therefore, the statute's words should be the surest guide to the legislature's intent. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 865–66 (Tex.1999).

By its plain language, the quoted portion of section 311.034 addresses provisions of notice that are "statutory prerequisites to a suit." TEX. GOV'T CODE ANN. § 311.034. A "prerequisite" is "something that is required beforehand." *See Dallas County v. Hughes,* 189 S.W.3d 886, 888 (Tex.App.-Dallas 2006, pet. denied) (quoting WEBSTER'S THIRD INT'L DICTIONARY 1791 (1981)). In contrast, the written notice required by section 89.0041(b) is not a prerequisite to suit; by its plain language, it requires written notice to be delivered by the thirtieth business day "after suit is filed." TEX. LOC. GOV'T CODE ANN. § 89.0041(b). Because the quoted provision of section 311.034 applies to actions taken before a suit is filed, by its plain language it does not apply to the post-suit written notice required by section 89.0041(b). *Contra Ballestros v. Nueces County, Tex.,* No. 13–06–405–CV, 2007 WL 2473454, at *4 (Tex. App.-Corpus Christi Aug.31, 2007, no pet. h.) (mem.op.) (relying on authority apply-

---

1. The statute adding section 89.0041to the local government code also provided as follows:

(b) This Act applies only to a claim arising under a contract executed on or after September 1, 2003. A claim arising under a contract executed before September 1, 2003, is governed by the law as it existed on the date the contract is executed, and the former law is continued in effect for that purpose.

Act of May 29, 2003, 78th Leg., R.S., ch. 1203, § 4(b), 2003 Tex. Gen. Laws 3418, 3419.

ing section 311.034 to section 101.101 of the Texas Tort Claims Act).

We reject Dallas County's argument that, pursuant to section 311.034, compliance with section 89.0041(b) is jurisdictional.

## B. Substantial Compliance with Notice Provision

Whether or not the section 89.0041 notice is jurisdictional, Dallas County asserts that Coskey's failure to strictly comply with that section mandates the dismissal of her claim. Its argument is based on the requirement of subsection (b) that written notice of the suit "must be delivered" and the requirement of subsection (c) that the court "shall dismiss" the suit if notice is not given as required by the section. Coskey argues that section 89.0041 applies only to claims arising under contracts, and not a claim such as hers under the Whistleblower Act. She further argues that, although no case has applied a substantial compliance standard to section 89.0041, the reasoning of opinions considering other statutory notice requirements and concluding substantial compliance is sufficient applies here.

In construing statutes, "shall" imposes a duty, and "must" creates or recognizes a condition precedent. TEX. GOV'T CODE ANN. § 311.016 (Vernon 2005). Thus, under section 89.0041's plain language, dismissal is mandatory if written notice is not delivered by certified or registered mail containing the required information by the thirtieth business day after suit is filed. However, courts have created judicial exceptions to strict compliance with certain requirements in other statutory notice provisions.

Coskey relies primarily on *Artco–Bell Corp. v. City of Temple*, 616 S.W.2d 190 (Tex.1981). There, the plaintiff's notice of claim complied with the requirements for notice set forth in the city's charter in every respect except that it was not verified. The supreme court stated that the notice provision was "in aid of the management and control of the City's finances and property," and the purpose of the verification requirement was "to afford the City protection against spurious and unfounded claims." *Id.* at 192. The supreme court considered the limitations on the city's powers and concluded that the Legislature limited the city's authority to require a notice of claim that was reasonable. *Id.* at 193. The court also considered how the provision had been applied and noted that the city did not bring the verification requirement to the litigant's attention, but delayed until after the time expired for giving notice and then rejected the claim. *See id.* There was also evidence that a city attorney would ignore an unverified notice and investigate a verified notice. The supreme court concluded that the verification requirement was unreasonable because, rather than further the purpose of the notice of claim, it "place[d] an obstacle in the path of citizens pursuing a legitimate redress for wrongs committed by public entities." *Id.* Therefore, the requirement was invalid.

Coskey also relies on *Cox Enterprises, Inc. v. Board of Trustees of Austin Independent School District*, 706 S.W.2d 956 (Tex.1986). In that case, the supreme court considered the advance notice of the subject of governmental bodies' meetings required by the Texas Open Meetings Act. The court concluded that the purpose of this requirement was to provide notice with reasonable specificity of the topic for consideration when the public had a "special interest" in the topic. *Id.* at 958–59. Listing a general topic such as "personnel" and "litigation" without more did not specifically disclose the subjects to be discussed and thus did not substantially com-

ply with the notice requirement of the open meetings act. *Id.* at 959–60.

Both *Artco–Bell Corp.* and *Cox Enterprises, Inc.* support a standard of substantial compliance with notice requirements under certain circumstances, and we conclude that standard applies in these circumstances. Section 89.0041's notice of suit requirement against a county serves the purpose of aiding in the management and control of the City's finances and property, as did the notice in *Artco–Bell Corp.* The manner of delivery specified by the statute assures that county officials will receive notice of a suit after it has been filed to enable it to respond timely and prepare a defense. Here, it is undisputed that Coskey's citation, her original petition and request for disclosure, and exhibits met these purposes of the notice of suit requirement. These items were delivered to the county judge, at the county judge's office, the day after suit was filed. The county (represented by an assistant district attorney) filed an answer and served a request for disclosure on Coskey's counsel, and Coskey's counsel wrote the county's attorney and requested dates to depose witnesses, as well as sent interrogatories to the county. All this took place within thirty days of the date suit was filed—the time period for notice set forth in section 89.0041. We conclude it is undisputed that, within thirty days of the date suit was filed, the county judge and the lawyer in the district attorney's office representing the county had actual knowledge of the information required to be disclosed by section 89.0041.

The County relies on *Ballestros,* 2007 WL 2473454, at *3, in which the Corpus Christi Court of Appeals decided that section 89.0041 mandates the particular manner in which written notice is to be given and contains no exceptions. In that case, the litigant served the county judge with his petition, and the county answered. *Id.* However, it does not appear that substantial compliance was raised as an issue or otherwise considered in that case. Thus, it is not persuasive in light of the authority cited above.

We do not decide that section 89.0041(b)'s manner of delivery of written notice requirement is unreasonable and therefore invalid. We also do not decide whether the section 89.0041 notice requirement applies to all claims or just claims arising under a contract. However, assuming without deciding section 89.0041 applies to Coskey's Whistleblower Act claim, we conclude that substantial compliance is sufficient, and under the facts and circumstances of this case, Coskey substantially complied with the notice provision. Accordingly, we reject the County's argument that dismissal here was mandatory because Coskey failed to comply strictly with the statutory manner of delivery of written notice.

### V. CONCLUSION

Having rejected the County's arguments, we decide its single issue against it and affirm the trial court's order denying the County's plea to the jurisdiction and motion to dismiss.