Larry ROCCAFORTE, Appellant,

v.

**JEFFERSON COUNTY,**
Texas, Appellee.

No. 09–08–00420–CV.

Court of Appeals of Texas,
Beaumont.

Submitted Jan. 6, 2009.

Decided March 5, 2009.

Larry Watts, Missouri City, for appellant.

Tom Maness, Crim. Dist. Atty., Thomas F. Rugg, Steven L. Wiggins, Asst. Dist. Atty's., Beaumont, for appellee.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

DAVID GAULTNEY, Justice.

Larry Roccaforte sued Jefferson County, a Jefferson County constable, and two Jefferson County employees, under 42 U.S.C.A. § 1983 (West 2003). Roccaforte also asked the trial court to declare that Jefferson County violated his rights under the Texas Constitution. Relying on section 89.0041 of the Texas Local Government Code, the County filed a plea to the jurisdiction and motion to dismiss. *See* TEX. LOC. GOV'T CODE ANN. § 89.0041 (Vernon 2008). The trial court granted the plea and dismissed the suit against the County.[1] Because dismissal was appropriate, though not for jurisdictional reasons,

---

1. Roccaforte notes that immediately after the dismissal order, the trial of the case proceeded to judgment without the County as a party. No one disputes that all the claims against all other parties have been resolved. The order of dismissal is therefore appealable whether or not the statute at issue is jurisdictional.

we modify the order to reflect a dismissal without prejudice, and affirm the order as modified.

### Section 89.0041

The County argued in the trial court that a plaintiff must demonstrate compliance with section 89.0041 of the Local Government Code to establish the district court's jurisdiction. Section 89.0041 provides as follows:

> (a) A person filing suit against a county or against a county official in the official's capacity as a county official shall deliver written notice to:
>
> > (1) the county judge; and
> >
> > (2) the county or district attorney having jurisdiction to defend the county in a civil suit.
>
> (b) The written notice must be delivered by certified or registered mail by the 30th business day after suit is filed and contain:
>
> > (1) the style and cause number of the suit;
> >
> > (2) the court in which the suit was filed;
> >
> > (3) the date on which the suit was filed; and
> >
> > (4) the name of the person filing suit.
>
> (c) If a person does not give notice as required by this section, the court in which the suit is pending shall dismiss the suit on a motion for dismissal made by the county or the county official.

Tex. Loc. Gov't Code Ann. § 89.0041. Roccaforte did not comply with the statute.

### Jurisdiction

■ Roccaforte argues section 89.0041 is not jurisdictional, and the trial court therefore erred in granting the plea to the jurisdiction. The County responds that section 311.034 of the Texas Government Code makes section 89.0041, and notice statutes like it, jurisdictional. *See* Tex. Gov't Code Ann. § 311.034 (Vernon Supp. 2008). Section 311.034 provides that "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." *Id.*

The Fourth and Fifth Courts of Appeals have held that section 89.0041 is not jurisdictional because the statute does not relate to prerequisites to filing suit. *See County of Bexar v. Bruton,* 256 S.W.3d 345, 346–49 (Tex.App.-San Antonio 2008, no pet.); *Dallas County v. Coskey,* 247 S.W.3d 753, 754–56 (Tex.App.-Dallas 2008, pet. denied). The Thirteenth Court of Appeals has held that, even though the notice requirement in section 89.0041 is not a prerequisite to filing suit, the "Legislature clearly intended [this notice] to be required to maintain the suit." *See Ballesteros v. Nueces County,* No. 13–06–405–CV, 2007 WL 2473454, at *2–4 (Tex.App.-Corpus Christi Aug.31, 2007, no pet.) (mem. op.). Focusing on the concept of notice in the two statutes, rather than the "prerequisite" language in section 311.034, the Thirteenth Court found the plaintiff's failure to comply with section 89.0041 deprived the trial court of subject matter jurisdiction. *Id.* at *4.

The County argues that "[i]n 2005, the Legislature made clear that the prerequisites to suits against governmental entities are jurisdictional requirements. The legislature amended the Texas Government Code § 311.034 by stating:

> 'Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.'
>
> Tex. Gov't.Code § 311.034 (Vernon Supp. 2006)."

The portion of section 311.034 relied upon by Jefferson County applies to actions tak-

en before a suit is filed. *See Coskey*, 247 S.W.3d at 755. The notice required by section 89.0041 is to be delivered only after suit is filed. *See* TEX. LOC. GOV'T CODE ANN. § 89.0041(b). The suit may proceed without the required notice if the county or county official does not file a motion to dismiss. *See id.* § 89.0041(c). The statute establishes a procedural bar to the continuation of suit if the county or county official files a proper motion to dismiss under section 89.0041, but the notice is not a statutory prerequisite to a suit. A dismissal order pursuant to section 89.0041 is not for lack of jurisdiction in the district court. *See Bruton*, 256 S.W.3d at 349 ("Because section 89.0041's notice provision is not a jurisdictional requirement, the trial court did not err in denying [the] County's plea to the jurisdiction."); *Coskey*, 247 S.W.3d at 755 ("Because the quoted provision of section 311.034 applies to actions taken before a suit is filed, by its plain language it does not apply to the post-suit written notice required by section 89.0041(b)."). Issue three is sustained.

## MOTION TO DISMISS

The trial court's order granted the plea to the jurisdiction and dismissed the suit against the County. The County pled alternatively that the failure to comply with section 89.0041 was a ground for the motion to dismiss under section 89.0041(c). Though the requirements of section 89.0041 are not jurisdictional, we will nevertheless uphold the trial court's dismissal order on any valid theory supported by the record. *See Wood v. Walker*, No. 07–05–0392–CV, 2007 WL 911825, at *2 (Tex. App.-Amarillo Mar.27, 2007, no pet.) ("Although the trial court's order of dismissal purports to be based upon the *Plea to the Jurisdiction* and not the *Motion to Dismiss*, . . . this Court must affirm that order if there is any legal theory supported by the evidence upon which that decision

could be affirmed."); *see also Luxenberg v. Marshall*, 835 S.W.2d 136, 142 (Tex.App.-Dallas 1992, orig. proceeding) ("We focus on the result reached by the trial court, rather than the reasons stated in the order."). If a plaintiff does not comply with section 89.0041, the statute provides for a dismissal of the suit. *See* TEX. LOC. GOV'T CODE ANN. § 89.0041(c). We therefore address appellant's other issues attacking the dismissal order.

## PREEMPTION

■ Roccaforte argues that Texas statutory prerequisites to maintaining a lawsuit against the County do not apply to actions under section 1983 of Title 42 because of the preemption doctrine. *See* 42 U.S.C.A. § 1983. He relies on *Felder v. Casey*, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988), and *Patsy v. Board of Regents of the State of Florida*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), both of which deal with prerequisites to bringing suit and with federal law preemption.

■ "Section 1983 creates a private right of action for violations of an individual's federally guaranteed rights by those acting under color of state law." *Tex. Dep't of Criminal Justice v. Thomas*, 263 S.W.3d 212, 219 (Tex.App.-Houston [1st Dist.] 2007, pet. denied) (citing *Richardson v. McKnight*, 521 U.S. 399, 403, 117 S.Ct. 2100, 138 L.Ed.2d 540 (1997)). The central objective of section 1983 is to " 'ensure that individuals whose federal constitutional or statutory rights are abridged may recover damages or secure injunctive relief.' " *Felder*, 487 U.S. at 139, 108 S.Ct. 2302 (quoting *Burnett v. Grattan*, 468 U.S. 42, 55, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984)). A state's law will be preempted when it is inconsistent with the goals of the federal civil rights law or stands as an obstacle to the accomplishment and execu-

tion of the full purposes and objectives of Congress. *See id.* at 139, 141, 108 S.Ct. 2302. "[W]here state courts entertain a federally created cause of action, the 'federal right cannot be defeated by the forms of local practice.'" *Id.* at 138, 108 S.Ct. 2302 (quoting *Brown v. W. Ry. of Ala.,* 338 U.S. 294, 296, 70 S.Ct. 105, 94 L.Ed. 100 (1949)); *see also Patsy,* 457 U.S. at 516, 102 S.Ct. 2557; *Ogletree v. Glen Rose Indep. Sch. Dist.,* 226 S.W.3d 629, 633 (Tex. App.-Waco 2007, no pet.); *Dallas County v. Gonzales,* 183 S.W.3d 94, 109 (Tex.App.-Dallas, 2006, pet.denied).

The Wisconsin statute at issue in *Felder* provided that, before a claimant could sue a state or local governmental entity or officer in state court, the claimant was required to notify the governmental defendant of the circumstances giving rise to the claim, the amount of the claim, and his or her intent to hold the named defendant liable. *Felder,* 487 U.S. at 134, 108 S.Ct. 2302. Further, the state statute required that, in order to afford the defendant an opportunity to consider the requested relief, the claimant had to refrain from filing suit for 120 days after providing the notice to the governmental defendant. *Id.* Failure to comply with the Wisconsin statute's requirements constituted grounds for dismissal of the action. *Id.*

The Supreme Court explained that the state statute undermined section 1983 in several ways. *Felder,* 487 U.S. at 141–42, 108 S.Ct. 2302. First, the state statute conditioned the right of recovery that Congress authorized in section 1983 "to minimize governmental liability"; and the statute "condition[ed] the right to bring suit against the very persons and entities Congress intended to subject to liability." *Id.* at 141, 144–45, 108 S.Ct. 2302. Second, the notice provision discriminated against the federal right, because the provision afforded the victim of an intentional tort in

Wisconsin two years to recognize the compensable nature of the injury, while the civil rights victim in Wisconsin was given only four months to "appreciate that he or she ha[d] been deprived of a federal constitutional or statutory right." *Id.* at 142, 146, 152, 108 S.Ct. 2302. The Wisconsin statute required that written notice of the circumstances of the claim be given within 120 days after the happening of the event giving rise to the claim, unless claimant made a showing of actual notice, and lack of prejudice, to the defendant. *See id.* at 146, 108 S.Ct. 2302. "Finally, the [Wisconsin] notice provision operate[d], in part, as an exhaustion requirement, in that it force[d] claimants to seek satisfaction in the first instance from the governmental defendant." *Id.* at 142, 146–47, 108 S.Ct. 2302.

The requirements of the Wisconsin statute were imposed "only upon a specific class of plaintiffs—those who sue[d] governmental defendants—and ... [the statute was] firmly rooted in policies very much related to, and to a large extent directly contrary to, the substantive cause of action provided those plaintiffs." *Id.* at 145, 108 S.Ct. 2302. The pre-suit notice-of-claim statute in *Felder* specifically targeted civil rights claims against the State, primarily benefitted government defendants, and enabled those defendants to investigate early and prepare a stronger case. *Id.* at 142, 108 S.Ct. 2302. The Supreme Court stated, "We think it plain that Congress never intended that those injured by governmental wrongdoers could be required, as a condition of recovery, to submit their claims to the government responsible for their injuries." *Id.* Concluding that section 1983 preempted the Wisconsin statute, the Supreme Court stated that the States' authority to prescribe the rules and procedures governing suits in their courts "does not extend so far as to permit States to place conditions on the

vindication of a federal right." *Id.* at 147, 108 S.Ct. 2302. Similarly, in *Patsy* the Court concluded that "exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983." *Patsy,* 457 U.S. at 516, 102 S.Ct. 2557.

The Texas statute we consider is not a prerequisite to filing suit nor does it provide a separate limitations bar. Section 89.0041 does not discriminate against any specific type of claim and does not place a condition upon the right to bring a section 1983 action. *See* § 89.0041. The statute requires a plaintiff to provide a specific notice of the filing of the suit after the plaintiff sues a county or "a county official in the official's capacity." *See id.* The notice requirement is not onerous and merely assures that the filed petition is directed to the proper hands. *See, e.g., Coskey,* 247 S.W.3d at 757 ("The manner of delivery specified by the statute assures that county officials will receive notice of a suit after it has been filed to enable it to respond timely and prepare a defense.").

█ In contrast to the outcome determinative statute in *Felder,* section 89.0041 is a procedural requirement that uniformly applies to all plaintiffs in suits against a county and its officials. *See generally Johnson v. Fankell,* 520 U.S. 911, 918–19, 117 S.Ct. 1800, 138 L.Ed.2d 108 (1997) (Section 1983 did not preempt state appellate rule.). Section 89.0041 provides that the written notice must be delivered by certified or registered mail to the county judge and the "county or district attorney having jurisdiction to defend the county in a civil suit" within the prescribed time period after the suit is filed. We view this statute as we would a procedural rule. *See Fankell,* 520 U.S. at 918–23, 117 S.Ct. 1800. Section 1983 does not pre-empt a

state's "consistent application of its neutral procedural rules[.]" *See Fankell,* 520 U.S. at 923, 117 S.Ct. 1800. Because a dismissal order under section 89.0041 is not on the merits, is not jurisdictional, and would not bar re-filing of the suit and subsequent timely delivery of proper notice, the statute is not outcome determinative as that phrase is used in *Felder. See Fankell,* 520 U.S. at 921, 117 S.Ct. 1800 (As used in *Felder,* "outcome" "referred to the ultimate disposition of the case[.]"). We conclude that section 1983 does not preempt section 89.0041.

## Non-Contract Claims

██ In issue two, Roccafforte maintains that section 89.0041 applies only to contract claims. Chapter 89 concerns "General Provisions Relating to County Administration." *See* Act of April 23, 1999, 76th Leg., R.S., ch. 62, § 13.03(a), 1999 Tex. Gen. Laws 127, 340. Section 89.0041 was part of Senate Bill No. 1017, which contained two other sections—section 89.004 ("Presentation of Claim") and section 262.007 ("Suit Against County Arising Under Certain Contracts").[2] Section 89.0041 is clear and unambiguous, and is not restricted to contract claims. The statute is applicable to "[a] person filing suit against a county or against a county official in the official's capacity as a county official[.]" Tex. Loc. Gov't Code Ann. § 89.0041. Similarly, the language in section 89.004—which provides that in order to sue a county a claimant must first present the claim to commissioners' court—does not on its face limit its application to contract claims. *See* Tex. Loc. Gov't Code Ann. § 89.004 (Vernon 2008). However, section 262.007, the third statute contained in Senate Bill No. 1017, does expressly

---

**2.** *See* Act of May 29, 2003, 78th Leg., R.S., ch. 1203, 2003 Tex. Gen. Laws 3418, 3418–19

(amended 2005) (current version at Tex. Loc. Gov't Code Ann. § 89.0041 (Vernon 2008)).

refer in its text to a suit arising under a certain type of contract. *See* Tex. Loc. Gov't Code Ann. § 262.007 (Vernon 2005). The statutory notes at the conclusion of Senate Bill 1017 state as follows:

> This Act applies only to a claim arising under a contract executed on or after September 1, 2003. A claim that arises under a contract executed before September 1, 2003, is governed by the law as it existed on the date the contract is executed, and the former law is continued in effect for that purpose.

*See* Act of May 29, 2003, 78th Leg., R.S., ch. 1203, § 4(b), 2003 Tex. Gen. Laws 3418, 3419. Reviewing the statutory provisions together, we agree with the Amarillo Court of Appeals that, if a claim arises under a contract, the provisions of the act that amend the Local Government Code and add section 89.0041 apply to the contract claim only if the contract was executed on or after September 1, 2003. *Wood,* 2007 WL 911825, at *4–5. In other words, "those provisions apply to all causes of action other than causes of action which arise out of contracts entered into prior to September 1, 2003." *Id.* at *5. Section 89.0041 applies to Roccaforte's claims. Issue two is overruled.

## SUBSTANTIAL COMPLIANCE

In issue four, Roccaforte argues he substantially complied with the requirements of section 89.0041. *See generally Wentworth v. Medellin,* 529 S.W.2d 125, 128 (Tex.Civ.App.-San Antonio 1975, no writ) ("'Substantial compliance' means compliance with the essential requirements, whether of a contract or of a statute."). In upholding a trial court's denial of a coun-

ty's motion to dismiss, at least one court has found substantial compliance under section 89.0041. *See Coskey,* 247 S.W.3d at 756–57. In *Coskey,* the petition and request for disclosure, as well as exhibits, were delivered to the Dallas County judge. *Id.* at 754. Within the thirty-day time frame, Dallas County filed an answer and served a request for disclosure, Coskey's counsel wrote a letter to the Dallas County assistant district attorney requesting dates for depositions, and Coskey's counsel also sent a first request for production of documents to the assistant district attorney. *See id.* The trial court denied Dallas County's motion to dismiss filed pursuant to section 89.0041. *See Coskey,* 247 S.W.3d at 754. Under those circumstances, the Dallas Court of Appeals held that Coskey substantially complied with section 89.0041, and the appellate court affirmed the order. *See Coskey,* 247 S.W.3d at 757.

█ Roccaforte made no attempt to comply with section 89.0041's requirements. Section 89.0041's plain language provides that the plaintiff "shall" give the notice to specified persons and "must" do so by registered or certified mail within a certain time frame after the plaintiff files suit; and the trial court "shall" dismiss the suit if the plaintiff does not comply with the statutory requirements. *See* Tex. Loc. Gov't Code Ann. § 89.0041. We construe "shall" in this statute to impose a duty. *See* Tex. Gov't Code Ann. § 311.016(2) (Vernon 2005). The trial court did grant the motion to dismiss in this case, though the county judge was served with citation and the assistant district attorney answered within the thirty-day time frame.[3]

---

3. The county judge is the agent for service of suits against a county, and presumably, when served with process, would deliver the suit papers to the district or county attorney with jurisdiction to defend the suit. *See* Tex. Civ. Prac. & Rem.Code Ann. § 17.024(a) (Vernon 2008). Section 89.0041's notice provision may seem redundant or overly precautionary. Nevertheless, generally our function is not to question the wisdom of the statute or measure it for logic; we are to apply the statute as written, unless the context or an absurd result

Unlike some notice statutes, section 89.0041 does not include a provision allowing "actual notice" to satisfy the statute's requirements. *See, e.g.,* TEX. CIV. PRAC. & REM.CODE ANN. § 101.101 (Vernon 2005) (an express "actual notice" exception to the pre-suit notice requirements set out in the Tort Claims Act).

Reading a broad actual notice or service exception into the statute—without any attempt by plaintiff to comply—would, in effect, largely eliminate the specified, additional written notice requirement of the statute. On its face, the statute is mandatory, requires strict compliance, and gives instruction to the trial court. In this appeal, Roccaforte does not argue the motion to dismiss was untimely, and therefore we do not address that issue. Appellant made no attempt to comply with the requirements of section 89.0041; under the circumstances, we cannot find error by the trial court in following the mandate of the statute. Issue four is overruled.

### CONCLUSION

The order of dismissal is modified to reflect that the dismissal is not for lack of jurisdiction and is without prejudice. *See* TEX.R.APP. P. 43.2(b). The order is to provide that the motion to dismiss is granted and plaintiff's cause of action against Jefferson County is dismissed without prejudice. As modified, the order is affirmed.

AFFIRMED AS MODIFIED.

---

requires a different construction. *See City of Rockwall v. Hughes,* 246 S.W.3d 621, 629 (Tex.2008); *Lee v. City of Houston,* 807 S.W.2d 290, 293 (Tex.1991).