IN THE SUPREME COURT OF TEXAS
 
════════════
No. 
09-0326
════════════
 
Larry Roccaforte, Petitioner,
 
v.
 
Jefferson County, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the Ninth 
District of Texas
════════════════════════════════════════════════════
 
Argued October 14, 2010
 
            
Chief Justice Jefferson 
delivered the opinion of the Court, joined by Justice Hecht, Justice Wainwright, Justice 
Medina, Justice Green, Justice Johnson, Justice Guzman, and Justice Lehrmann, and joined by Justice Willett as to parts I through 
III. 
 
            
Justice Willett delivered a 
concurring opinion.
 
            
The Local Government Code requires a person suing a county to give the 
county judge and the county or district attorney notice of the claim. Tex. Loc. Gov’t Code § 89.0041. The plaintiff 
provided that notice here, but did so by personal service of process, rather 
than registered or certified mail as the statute contemplates. We conclude that 
when the requisite county officials receive timely notice enabling them to 
answer and defend the claim, the case should not be dismissed. Because the court 
of appeals concluded otherwise, we reverse its judgment and remand the case to 
the trial court for further proceedings.
I.          
Background
Former Chief 
Deputy Constable Larry Roccaforte sued Jefferson 
County and Constable Jeff Greenway, alleging that his wrongful termination 
deprived him of rights guaranteed by the Texas Constitution. Roccaforte personally served County Judge Carl Griffith with 
the suit, and fifteen days later, the County (represented by the district 
attorney) and Constable Greenway answered, denying liability. The County 
propounded written discovery requests, deposed Roccaforte, and presented County officials for depositions. 
The County also filed a plea to the jurisdiction, asserting that Roccaforte did not give requisite notice of the suit. 
See Tex. Loc. 
Gov’t Code § 89.0041. 
Roccaforte disagreed, arguing that the statute applied 
only to contract claims. Alternatively, he argued that 42 U.S.C. § 1983 
preempted the notice requirements and that he substantially complied with them 
in any event. 
            
Although the trial court indicated that it would sustain the County’s 
plea and sever those claims from the underlying case, it did not immediately 
sign an order doing so. In the meantime, Roccaforte 
tried his claims against Greenway. A jury returned a verdict in Roccaforte’s favor. Afterwards, the trial court signed an 
order granting the County’s jurisdictional plea. The order did not sever the 
claims from the underlying case. Roccaforte then 
pursued this interlocutory appeal. His notice of appeal stated that “[p]ursuant to Civ. P. Rem. Code § 51.014(b), all proceedings 
are stayed in the trial court pending resolution of the appeal.” But the 
proceedings were not stayed. 
            
In the underlying case, Greenway moved for judgment notwithstanding the 
verdict, which the trial court granted as to Roccaforte’s property interest and First Amendment 
retaliation claims but denied as to Roccaforte’s 
claimed violation of his liberty interest. Roccaforte 
moved for entry of judgment. Notwithstanding the statutory stay referenced in 
Roccaforte’s notice of appeal, the trial court 
rendered judgment for Roccaforte and awarded damages, 
attorney’s fees, and costs. The judgment was titled “FINAL JUDGMENT”; it “denie[d] all relief no [sic] granted in this judgment”; and 
it stated “[t]his is a FINAL JUDGMENT.” The County was included in the case 
caption. No one objected to the continuation of trial court proceedings despite 
the statutory stay. 
            
Greenway appealed, and Roccaforte 
cross-appealed, raising as his only issues complaints regarding the trial 
court’s JNOV on his claims against Greenway. The court of appeals affirmed in 
part and reversed in part, rendering judgment that Roccaforte take nothing. Greenway v. Roccaforte, 2009 Tex. App. LEXIS 8290, *15 (Tex. 
App.—Beaumont 2009, pet. denied).[1] 
            
In Roccaforte’s separate interlocutory appeal, 
the court of appeals made the following notation:
Roccaforte notes that immediately after the dismissal order, the 
trial of the case proceeded to judgment without the County as a party. No one 
disputes that all the claims against all other parties have been resolved. The 
order of dismissal is therefore appealable whether or not the statute at issue 
is jurisdictional.
 
281 S.W.3d 230, 231 
n.1. The court ultimately concluded that Roccaforte’s failure to notify the County of the suit by 
registered or certified mail mandated dismissal of his suit against the County, but not because the trial court lacked jurisdiction. 
Id. at 236-37. Accordingly, the court modified 
the dismissal order to reflect that dismissal was without prejudice and affirmed 
the order as modified. Id. 
            
Roccaforte petitioned this Court for review, 
which we granted.[2] 53 Tex. Sup. Ct. 
J. 1061 (Aug. 27, 2010). 
II.        Did 
the trial court’s final judgment moot this interlocutory appeal?
 
            
Before turning to the merits, we must decide a procedural matter: What 
happens when a party perfects an appeal of an interlocutory judgment that has 
not been severed from the underlying action, and that action proceeds to trial 
and a final judgment? The trial court did not sever Roccaforte’s claims against the County [3] and denied “all relief not granted” in 
its final judgment. Ordinarily, under these circumstances, Roccaforte would have to complain on appeal that the trial 
court erroneously dismissed those claims. Roccaforte, 
however, did not complain about the County’s dismissal in his appeal from the 
final judgment. His separate interlocutory appeal, then, rests on a precipice of 
mootness.
A.        Roccaforte waived any complaint about the trial court’s 
actions during the statutory stay.
            
Although Roccaforte’s interlocutory appeal was 
supposed to stay all proceedings in the trial court pending resolution of the 
appeal,[4] Roccaforte did 
not object to the trial court’s rendition of judgment while the stay was in 
effect. To the contrary, he affirmatively moved for entry of judgment. Because a 
final judgment frequently moots an interlocutory appeal,[5] we must decide whether the trial court’s 
failure to observe the stay made the final judgment void or merely voidable. If 
the final judgment is void, it would have no impact on this interlocutory 
appeal. Lindsay v. Jaffray, 55 Tex. 626 (Tex. 
1881) (“A void judgment is in legal effect no judgment.”) (quoting Freeman on 
Judgments, § 117).[6] If voidable, then we must decide whether 
it moots this proceeding. See Travelers Ins. Co. v. Joachim, 315 S.W.3d 
860, 863 (Tex. 2010) (observing that voidable orders must be corrected by direct 
attack and, unless successfully attacked, become final). We conclude it is 
voidable. 
            
Two of our courts of appeals have held that the failure to object when a 
trial court proceeds despite the automatic stay waives any error the trial court 
may have committed by failing to impose it. See Escalante v. Rowan, 251 
S.W.3d 720, 724-25 (Tex. App.—Houston [14th Dist.] 2008), rev’d on other grounds, 2011 Tex. LEXIS 74 
(Tex. Jan. 21, 2011) (per curiam); Henry v. Flintrock Feeders, Ltd., No. 07-04-0224-CV, 2005 Tex. 
App. LEXIS 4310, at *1 (Tex. App.—Amarillo June 1, 2005, no pet.) (mem. op.). In Escalante, the 
court of appeals held that a party’s failure to object to a trial court’s ruling 
on summary judgment motions during the statutory stay “failed to preserve error 
as to any objection that the summary judgment is voidable based on the stay.” 
Escalante, 251 S.W.3d at 725. In Henry, 
the court held that a party’s failure to object to the trial court’s action in 
violation of the stay waived any error resulting from that action. Henry, 2005 Tex. App. LEXIS 4310, at *4 (holding that trial 
court’s grant of summary judgment mooted interlocutory appeal challenging denial 
of special appearance). We find particularly instructive a case involving 
a trial court’s rendition of final judgment while an interlocutory appeal of a 
class certification order was pending:
[I]f a trial court proceeds to trial during the 
interlocutory appeal, the class action plaintiff must inform the court of 
section 51.014(b) and request that the stay be enforced. If a court proceeds to 
trial over the objection of a class action plaintiff, the class action plaintiff 
could request a mandamus and this court would grant it. However, if the class 
action plaintiff fails to inform the trial court of section 51.014(b), and 
allows the court to proceed to trial, as happened here, the plaintiff waives the 
right to object or request any relief on appeal. See Tex. R. App. P. 33.1(a). We see this as no 
different from any other trial court error that is not preserved—it is 
waived.
 
Siebenmorgen v. Hertz 
Corp., No. 
14-97-01012-CV, 1999 Tex. App. LEXIS 311, at *10-11 (Tex. App.—Houston [14th 
Dist.] Jan. 21, 1999, no pet.) (dismissing 
as moot interlocutory appeal of order denying class certification).
A third court 
of appeals has implicitly concluded that parties can waive the right to insist 
on a section 51.014(b) stay. See Lincoln Property Co. v. 
Kondos, 110 S.W.3d 712, 715 (Tex. App.—Dallas 
2003, no pet.). In that case, the court observed that the trial court’s 
grant of summary judgment while an interlocutory appeal was pending violated the 
statutory stay. Noting that “neither party requested a stay from this Court” and 
“both parties sought to commence the ‘trial’ below by filing and/or arguing 
motions for summary judgment while this appeal was pending,” the court of 
appeals did not conclude that the trial court’s summary judgment was void. Id. at 715. Instead, the appellate court held that the 
summary judgment mooted the interlocutory appeal. Id. 
at 715-16 (noting that the interlocutory class certification order merged into 
the final judgment). The court concluded: “By rendering a final judgment 
during this appeal, the trial court also rendered itself powerless to reconsider 
its class certification ruling were we to conclude here the ruling was entered 
in error.” Id. at 715. 
            
We agree with those decisions that have held that a party may waive 
complaints about a trial court’s actions in violation of the stay imposed by 
section 51.014(b). That stay differs from a situation in which the relevant 
statute vests “exclusive jurisdiction” in a particular forum. See, 
e.g., Kalb v. Feuerstein, 308 U.S. 433, 439 (1940) (noting that 
bankruptcy law in effect at the time “vested in the bankruptcy courts exclusive 
jurisdiction” and “withdr[ew] from all other courts all power under any 
circumstances”). For that reason, we have held that actions taken in violation 
of a bankruptcy stay are void, not just voidable. Cont’l Casing Corp. v. Samedan Oil Corp., 751 
S.W.2d 499, 501 (Tex. 1988).[7]
            
But as we have noted, “a court’s action contrary to a statute or 
statutory equivalent means the action is erroneous or ‘voidable,’ not that the 
ordinary appellate or other direct procedures to correct it may be 
circumvented.” Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex. 
1990); cf. Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser, 140 S.W.3d 351, 359 (Tex. 2004) (noting 
that failure to comply with a non-jurisdictional statutory requirement may 
result in the loss of a claim, but that failure must be timely asserted and 
compliance can be waived). That is the case here. The trial court’s rendition of 
final judgment while the stay was in effect was voidable, not void, and Roccaforte’s failure to object to the trial court’s actions 
waived any error related to the stay. We must, therefore, confront the fact that 
the trial court signed a final judgment disposing of all parties and all claims 
and that Roccaforte did not present in his appeal from 
that judgment the arguments he advances in this interlocutory appeal. 

B.        
The 
trial court’s final judgment implicitly modified its interlocutory order, and we 
treat this appeal as relating to that final judgment. 
            
We have repeatedly held that the right of appeal should not be lost due 
to procedural technicalities.[8] Roccaforte 
timely perfected appeals from both the interlocutory order and the final 
judgment, and this is not a situation in which further proceedings mooted the 
issues raised in Roccaforte’s interlocutory appeal.[9] 
            
Our procedural rules provide that:
After an order or judgment in a civil case has been 
appealed, if the trial court modifies the order or judgment, or if the trial 
court vacates the order or judgment and replaces it with another appealable 
order or judgment, the appellate court must treat the appeal as from the 
subsequent order or judgment and may treat actions relating to the appeal of the 
first order or judgment as relating to the appeal of the subsequent order or 
judgment. The subsequent order or judgment and actions relating to it may be 
included in the original or supplemental record. Any party may nonetheless 
appeal from the subsequent order or judgment.
 
Tex. R. 
App. P. 27.3. Here, 
although the trial court’s final judgment did not expressly modify its 
interlocutory order, it did so implicitly. Because the claims against the County 
had not been severed, the County remained a party to the underlying proceeding 
despite the interlocutory appeal. The final judgment necessarily replaced the 
interlocutory order, which merged into the judgment,[1][0] even though Roccaforte’s interlocutory appeal remained pending. Under 
our rules, however, we may treat this interlocutory appeal as an appeal from the 
final judgment. That permits us to reach the merits of Roccaforte’s claims rather than dismiss the interlocutory 
appeal as moot. 
            
Although not relying on rule 27.3, the court of appeals took a similar 
approach, treating Roccaforte’s appeal as though it 
were from the final judgment. 281 S.W.3d at 231 n.1. 
Similarly, we treat Roccaforte’s appellate complaints 
about the trial court’s grant of the County’s jurisdictional plea as though they 
related to the appeal of the final judgment. We turn now to the merits of his 
claim.
III.       The 
post-suit notice requirements are not jurisdictional.
            
Local Government Code section 89.0041 provides: 
(a)        A 
person filing suit against a county or against a county official in the 
official's capacity as a county official shall deliver written notice 
to:
 
(1) the 
county judge; and
 
(2) the 
county or district attorney having jurisdiction to defend the county in a civil 
suit.
 
(b)        The 
written notice must be delivered by certified or registered mail by the 30th business day after suit is filed and 
contain:
 
(1) the 
style and cause number of the suit;
 
(2) the 
court in which the suit was filed;
 
(3) the 
date on which the suit was filed; and
 
(4) the 
name of the person filing suit.
 
(c)        If a 
person does not give notice as required by this section, the court in which the 
suit is pending shall dismiss the suit on a motion for dismissal made by the 
county or the county official.
 
Tex. Loc. Gov’t Code § 
89.0041. 
In 2005, the Legislature amended the Government Code to provide that “[s]tatutory prerequisites to a suit, including the provision of 
notice, are jurisdictional requirements in all suits against a governmental 
entity.” Tex. Gov’t 
Code § 311.034. 

            
The County contends section 311.034 makes Roccaforte’s failure to comply with section 89.0041's notice 
requirements jurisdictional—an issue we have never decided. Our courts of 
appeals, however, have concluded that the notice requirements are not 
jurisdictional, even in light of section 311.034. See El Paso Cnty. v. Alvarado, 290 S.W.3d 895, 898-99 (Tex. App.—El 
Paso 2009, no pet.) (holding that section 89.0041 
is not jurisdictional because section 311.034 applies only to prerequisites to 
file suit, not post-suit notice requirements); Ballesteros v. Nueces Cnty., 286 S.W.3d 566, 570 (Tex. App.—Corpus Christi 
2009, pet. denied) (same); 281 S.W.3d 230, 232-33 (same); Dallas Cnty. v. Coskey, 247 S.W.3d 
753, 754-56 (Tex. App.—Dallas 2008, pet. denied) (same); Dallas Cnty. v. Autry, 251 S.W.3d 155, 158 (Tex. App.—Dallas 
2008, pet. denied) (same); Cnty. of Bexar v. Bruton, 256 S.W.3d 
345, 348-49 (Tex. App.—San Antonio 2008, no pet.) (same). We presume “that the Legislature did not intend to 
make the [provision] jurisdictional[,] a presumption 
overcome only by clear legislative intent to the contrary.” City of DeSoto v. White, 288 S.W.3d 389, 394 (Tex. 2009). 
The statutes’ language reflects no such intent here. Section 311.034 applies to 
prerequisites to suit, not notice requirements that can be satisfied only 
after suit is filed. Compare Tex. Gov’t Code § 311.034, with Tex. Loc. Gov’t Code § 89.0041 
(requiring notice of cause number, court in which case is filed, and date of 
filing). Nor does Local Government Code section 89.0041 
show such intent: that section states that a trial court may dismiss a case for 
noncompliance only after the governmental entity has moved for dismissal. Tex. Loc. Gov’t Code 89.0041(c) (“If a 
person does not give notice as required by this section, the court in which the 
suit is pending shall dismiss the suit on a motion for dismissal made by the 
county or the county official.”). The motion requirement means that a case may 
proceed against those governmental entities that do not seek dismissal—in other 
words, that a county can waive a party’s noncompliance. This confirms that 
compliance with the notice requirements is not jurisdictional. See Loutzenhiser, 140 S.W.3d at 359 
(“The failure of a non-jurisdictional requirement mandated by statute may result 
in the loss of a claim, but that failure must be timely asserted and compliance 
can be waived.”). We find no basis upon which to conclude that the 
Legislature intended section 89.0041 to be jurisdictional.
IV.       Where the appropriate county officials receive timely notice 
of the suit, the case should not be dismissed if notice was provided by some 
means other than mail. 
 
            
Roccaforte provided timely notice of every item 
required by section 89.0041, and the requisite officials received that notice. 
Did the Legislature intend to bar Roccaforte’s claim, 
merely because that notice was hand-delivered rather than mailed? 
            
Roccaforte argues that the County’s actual 
notice of the suit and his substantial compliance with section 89.0041 should 
suffice. A number of courts of appeals (though not the court of appeals in this 
case) agree with him.[11] The County disagrees, arguing that the 
statute requires strict compliance with its terms, and dismissal is mandated if 
those terms are not satisfied. 
            
Section 89.0041 ensures that the appropriate county officials are made 
aware of pending suits, allowing the county to answer and defend the case. 
See Howlett, 301 S.W.3d at 846 (“The apparent 
purpose of section 89.0041 is to ensure that the person responsible for 
answering and defending the suit—the county or district attorney-has actual 
notice of the suit itself.”); Coskey, 247 
S.W.3d at 757 (“Section 89.0041's notice of suit requirement against a county 
serves the purpose of aiding in the management and control of the City’s 
finances and property . . . .”). That purpose was served here—the county judge 
and the district attorney had notice within fifteen days of Roccaforte’s filing, and they answered and defended the 
suit. Cf. Loutzenhiser, 140 S.W.3d at 360 
(observing that “if in a particular case a governmental unit were not prejudiced 
by lack of notice and chose to waive it, we do not see how the statutory purpose 
would thereby be impaired”). The statute was not intended to create a procedural 
trap allowing a county to obtain dismissal even though the appropriate officials 
have notice of the suit. See Southern Surety Co. v. McGuire, 275 S.W. 
845, 847 (Tex. Civ. App.—El Paso 1925, writ ref’d) 
(holding that failure to present written claim to commissioners’ court as 
required by statute did not bar the claim, because “[t]he purpose of the statute 
was fully accomplished by [oral presentment]”); see also Coskey, 247 S.W.3d at 757 (“The manner of delivery 
specified by the statute assures that county officials will receive notice of a 
suit after it has been filed to enable it to respond timely and prepare a 
defense.”). Because those officers had the requisite notice, we conclude that 
the trial court erred in dismissing Roccaforte’s 
claims.
V.        
Conclusion
            
Roccaforte’s claims against the County should 
not have been dismissed for lack of notice.[12] We reverse the 
court of appeals’ judgment as to those claims and remand the case to the trial 
court for further proceedings. Tex. 
R. App. P. 
60.2(d). 
 
                                                                                                
___________________________
                                                                                                
Wallace B. Jefferson 
                                                                                                
Chief Justice 
 
 
Opinion Delivered: April 29, 2011






[1] Today, 
we deny that petition for review.

[2] Dallas 
County submitted an amicus curiae brief in support of Jefferson 
County.

[3] “As a 
rule, the severance of an interlocutory judgment into a separate cause makes it 
final.” Diversified Fin. Sys., Inc. v. Hill, Heard, O’Neal, 
Gilstrap & Goetz, P.C., 63 S.W.3d 795, 795 (Tex. 2001) (per curiam). 

[4] Tex. Civ. Prac. & Rem. Code § 
51.014(b); see also Tex. R. App. 
P. 29.5 (providing that “[w]hile an appeal from 
an interlocutory order is pending, the trial court retains jurisdiction of the 
case and unless prohibited by statute may make further orders, including 
one dissolving the order complained of on appeal”) (emphasis added). 

[5] See, 
e.g., Hernandez v. Ebrom, 289 S.W.3d 316, 
319 (Tex. 2009) (“Appeals of some interlocutory orders become moot because the 
orders have been rendered moot by subsequent orders.”).

[6] See 
also Travelers Ins. Co. v. Joachim, 315 S.W.3d 860, 863 (Tex. 2010) (noting 
that “[a] judgment is void . . . when it is apparent that the court rendering 
judgment had no jurisdiction of the parties or property, no jurisdiction of the 
subject matter, no jurisdiction to enter the particular judgment, or no capacity 
to act") (quoting Browning v. Prostok, 165 
S.W.3d 336, 346 (Tex. 2005)).

[7] But 
see Sikes v. Global Marine, Inc., 881 F.2d 176, 178 (5th Cir. 1989) (holding 
that, under the 1978 Bankruptcy Act, “the better reasoned rule characterizes 
acts taken in violation of the automatic stay as voidable rather than void”); 
see also Chisolm v. Chisholm, No. 
04-06-00504-CV, 2007 Tex. App. LEXIS 3936, at *6-*7 (Tex. App.—San Antonio May 
23, 2007, no pet.) (noting conflict between 
Sikes and Continental Casing); In re De La Garza, 159 
S.W.3d 119, 120-21 (Tex. App.—Corpus Christi 2004, no pet.) (same); Oles v. Curl, 
65 S.W.3d 129, 131 n.1 (Tex. App.—Amarillo 2001, no pet.)(same); Chunn v. Chunn, 929 S.W.2d 490, 493 (Tex. App.—Houston [1st 
Dist.] 1996, no pet.) (same). 

[8] See, 
e.g., Guest v. Dixon, 195 S.W.3d 687, 688 (Tex. 2006) (“[W]e have 
repeatedly stressed that procedural rules should be construed and applied so 
that the right of appeal is not unnecessarily lost to technicalities.”); 
Crown Life Ins. Co. v. Estate of Gonzalez, 820 S.W.2d 121, 121-22 (Tex. 
1991) (per curiam)(stating that procedural rules 
should be “liberally construed so that the decisions of the courts of appeals 
turn on substance rather than procedural technicality”). 

[9] See, 
e.g., Isuani v. Manske-Sheffield Radiology Grp., P.A., 802 S.W.2d 
235, 236 (Tex. 1991) (holding that final judgment mooted interlocutory appeal of 
order granting or denying temporary injunction); Providian Bancorp Servs. v. Hernandez, No. 
08-04-00186-CV, 2005 Tex. App. LEXIS 288, at *2 (Tex. App.—El Paso Jan. 13, 
2005, no pet.) (mem. 
op.)(dismissing as moot interlocutory appeal from order 
denying motion to compel arbitration, because trial court entered an order 
compelling arbitration); Mobil Oil Corp. v. First State Bank of Denton, 
No. 2-02-119-CV, 2004 Tex. App. LEXIS 6940, at *2 (Tex. App.—Fort Worth July 29, 
2004, no pet.) (dismissing as moot interlocutory appeal from class certification 
order, because trial court subsequently vacated order, decertified class, and 
dismissed class action); Lincoln Property Co. v. Kondos, 110 S.W.3d 712, 715-16 (Tex. App.—Dallas 2003, 
no pet.) (dismissing as moot interlocutory appeal of order granting class 
certification, as trial court subsequently granted summary judgment motion); 
see also Hernandez, 289 S.W.3d at 321 (acknowledging that a party may 
not, after trial and an unfavorable judgment, prevail on a complaint that the 
party’s summary judgment motion should have been granted, nor could a party 
complain of a failure to dismiss a health care liability claim based on an 
inadequate expert report, after a full trial and evidence establishing the 
elements of that claim). 

[10] See 
Webb v. Jorns, 488 S.W.2d 407, 408-409 (Tex. 1972) 
(holding that interlocutory judgment merged into final judgment, which was then 
appealable).

[11] 
Compare Howlett v. Tarrant Cnty., 301 S.W.3d 840, 847 (Tex. App.—Fort Worth 2009, 
pet. denied) (holding that substantial compliance with section 89.0041 was 
sufficient because the purpose of the statute was to ensure notice, and that 
purpose was accomplished), Ballesteros v. Nueces Cnty., 286 S.W.3d 566, 
570 (Tex. App.—Corpus Christi 2009, pet. denied) (same), Dallas Cnty. v. Coskey, 247 S.W.3d 
753, 757 (Tex. App.—Dallas 2008, pet. denied) (same), and Dallas Cnty. v. Autry, 251 S.W.3d 155, 158 (Tex. App.—Dallas 
2008, pet. denied) (same), with 281 S.W.3d at 237 (holding that “[r]eading a broad actual notice or service exception into the 
statute—without any attempt by plaintiff to comply—would, in effect, largely 
eliminate the specified, additional written notice requirement of the statute”). 
That conflict gives us jurisdiction over this interlocutory appeal. Tex. Gov’t Code § 22.225(c), (e).
 

[12] Because this issue is 
dispositive, we do not reach Roccaforte’s argument 
that 42 U.S.C. § 1983 preempts section 89.0041's notice 
requirements.