COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| EL PASO COUNTY, | § | |
| --- | --- | --- |
| | | No. 08-07-00351-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 327th District Court |
| HERLINDA ALVARADO, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC#2006-1059) |
| | § | |

**O P I N I O N**

This appeal arises out of the trial court's denial of a Plea to the Jurisdiction and/or Motion to Dismiss. El Paso County appeals the trial court's ruling. Having found that compliance under Section 89.0041 of the Local Government Code is not jurisdictional, we dismiss the appeal for want of jurisdiction because there is no final judgment or otherwise appealable interlocutory order before the Court. TEX.CIV.PRAC.& REM.CODE ANN. § 51.014 (Vernon 2008).

**FACTS**

From January 2002 to April 2005 Herlinda Alvarado (Alvarado or Appellee) worked at the El Paso County Sheriff's Office. Alvarado filed a discrimination claim and after a failed attempt to mediate through the Equal Employment Opportunity Commission, the Texas Workforce Commission, Civil Rights Division, issued Alvarado her Notice of Right to File a Civil Action letter on January 2, 2006. On March 3, 2006, Alvarado filed an employment discrimination suit under

Chapter 21 of the Texas Labor Code[1] against El Paso County, Texas and Sheriff Samaniego[2] (El Paso County or Appellant) alleging that she was discriminated against because of her national origin, subjected to a hostile work environment, and suffered retaliation. El Paso County filed its Original Answer on May 12, 2006, and its First Amended Original Answer on November 15, 2007. On November 20, 2007, El Paso County filed its Plea to the Jurisdiction and/or Motion to Dismiss. In that dual motion, El Paso County argued that Alvarado did not comply with the statutory requirements of Section 89.0041 of the Texas Local Government Code. On December 10, 2007, the trial court denied Appellant's motions.

## DISCUSSION

On appeal, El Paso County argues in a single issue that the trial court erred in not dismissing Alvarado's discrimination suit, as required by Section 89.0041 of the Local Government Code, because Alvarado failed to provide the requisite notice. El Paso County also argues that Section 311.034 of the Government Code makes compliance with Section 89.0041 jurisdictional, and because Alvarado failed to provide notice as required, the trial court lacks jurisdiction.

The existence of the trial court's jurisdiction is a question of law that we review *de novo*. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007); *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The defendant may properly challenge the trial court's jurisdiction in a dilatory plea to the jurisdiction and thereby defeat the plaintiff's cause of action before the merits of the plaintiff's claims are determined. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.

---

[1] TEX.LAB.CODE ANN. §§ 21.001-21.556 (Vernon 2006 & Supp. 2008).

[2] Sheriff Samaniego is now deceased. A suit against an official in his official capacity is the same as a suit against the governmental entity, which in this case is El Paso County. *Smith v. Davis*, 999 S.W.2d 409, 416 (Tex.App.–Dallas 1999, no pet.).

2

2000).

> The requirements of Section 89.0041 are as follows:
>
> (a) A person filing suit against a county or against a county official in the official's capacity as a county official shall deliver written notice to:
>> (1) the county judge; and
>> (2) the county or district attorney having jurisdiction to defend the county in a civil suit.
>
> (b) The written notice must be delivered by certified or registered mail by the 30th business day after suit is filed and contain:
>> (1) the style and cause number of the suit;
>> (2) the court in which the suit was filed;
>> (3) the date on which the suit was filed; and
>> (4) the name of the person filing suit.
>
> (c) If a person does not give notice as required by this section, the court in which the suit is pending shall dismiss the suit on a motion for dismissal made by the county or the county official.

TEX.LOC.GOV'T CODE ANN. § 89.0041 (Vernon 2008).

Section 311.034 of the Texas Government Code titled "Waiver of Sovereign Immunity"

provides the following:

> In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. In a statute, the use of "person," as defined by Section 311.005 to include governmental entities, does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction. Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.

TEX.GOV'T CODE ANN. § 311.034 (Vernon Supp. 2008).

As a threshold matter, we must determine whether or not this Court has jurisdiction to review the trial court's denial of El Paso County's Plea to the Jurisdiction and/or Motion to Dismiss. Appellate courts have limited jurisdiction "over final judgments and such interlocutory orders as the legislature deems appealable." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Ruiz*

3

*v. Ruiz*, 946 S.W.2d 123, 124 (Tex.App.–El Paso 1997, no writ). In the present case, no final judgment exists. Thus, this Court's jurisdiction to review the trial court's rulings on the Plea to the Jurisdiction and Motion to Dismiss under Section 89.0041 exists only if those orders qualify as interlocutory orders.

Section 51.014 of the Civil Practice and Remedies Code sets out those interlocutory orders that are appealable. TEX.CIV.PRAC.& REM.CODE ANN. § 51.014 (Vernon 2008). El Paso County, as a governmental unit, is permitted to appeal the denial of its Plea to the Jurisdiction. TEX.CIV.PRAC.& REM.CODE ANN. § 51.014(a)(8)(Vernon 2008). El Paso County argues that Section 311.034 of the Government Code makes Section 89.0041 of the Local Government Code jurisdictional.

We join our sister courts in finding that compliance with Section 89.0041 of the Local Government Code is not made jurisdictional by Section 311.034 of the Texas Government Code. "[I]t is cardinal law in Texas that a court construes a statute, 'first, by looking to the plain and common meaning of the statute's words.'" *Fitzgerald v. Advanced Spine Fixation Systems, Inc.*, 996 S.W.2d 864, 865-66 (Tex. 1999) (quoting *Liberty Mut. Ins. Co. v. Garrison Contractors*, 966 S.W.2d 482, 484 (Tex. 1998)). When the statute is unambiguous we are bound to use the plain meaning. *See Fitzgerald*, 996 S.W.2d at 865-66.

Using the cardinal law of statutory interpretation, we find that the plain meaning of Section 311.034 of the Government Code applies to prerequisites to file suit not to maintain suit. Specifically, the Government Code instructs "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX.GOV'T CODE ANN. § 311.034. As the Dallas Court has pointed out, a prerequisite is something

4

that has to be completed beforehand. *Dallas County v. Coskey*, 247 S.W.3d 753, 755 (Tex.App.–Dallas 2008, pet. denied). We agree that Section 311.034 does not apply to the post-suit notice requirements of Section 89.0041. *See* TEX.LOC.GOV'T CODE ANN. § 89.004; *Coskey*, 247 S.W.3d at 755-56. Moreover, legislative intent to make Section 89.004 jurisdictional could have been provided for by statute in light of the apparent inconsistency between Section 89.0014 and Section 311.034. It is not this Court's job to insert words in a statute when the word is absent. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995). Other courts have followed the same line of reasoning set out in *Coskey*. *See County of Bexar v. Bruton*, 256 S.W.3d 345, 349 (Tex.App.–San Antonio 2008, no pet.) (holding that Section 89.0041 is not a jurisdictional requirement rather a requirement to maintain suit); *Roccaforte v. Jefferson County*, 281 S.W.3d 230, 233 (Tex.App.–Beaumont 2009, pet. filed) (agreeing with the *Coskey* Court finding Section 311.034 applies to actions taken before a suit is filed, and thus by its plain language, it does not apply to the post-suit written notice required by Section 89.0041); *Ballesteros v. Nueces County*, No. 13-06-00405-CV, ---S.W.3d---, 2009 WL 1349782, at *3 (Tex.App.–Corpus Christi May 14, 2009, no pet.) (op. on reh'g) (holding that Section 311.034 does not make Section 89.0041 jurisdictional). Based on our review of the plain language of the two statutes in question and on the overall consensus among Texas Courts, we find that Section 89.0041 is not jurisdictional.

Because we find that Section 89.0041 is not a jurisdictional requirement, the trial court's order denying El Paso County's Plea to the Jurisdiction was not error and the trial court's orders are not interlocutory orders. Absent constitutional or legislative authority to hear the denial of the Motion to Dismiss, this Court is not permitted to decide whether or not the trial court should have granted the Motion to Dismiss.

Our review is always limited by the jurisdiction we are given. Article V, Section 6 of the Texas Constitution enumerates and limits the scope of review of this Court to cases "of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." TEX.CONST. art. V, § 6(a). In addition, the Texas Constitution provides the courts of appeals with "such other jurisdiction, original and appellate, as may be prescribed by law." *Id*. Thus, an appellate court's jurisdiction must be based on (1) the general constitutional grant, subject to any regulations or restrictions imposed by the legislature; or (2) a specific statutory grant of jurisdiction. *Id*.; *see also Tune v. Tex. Dep't of Pub. Safety*, 23 S.W.3d 358, 361 (Tex. 2000). In this case we must dismiss the remaining appeal for want of jurisdiction, because no authority exists for us to review the Motion to Dismiss based on Section 89.0041. *Texas Dept. of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004).

## CONCLUSION

Having found that Section 89.0041 is not jurisdictional, the trial court did not err in denying the Plea to the Jurisdiction. Further, this Court lacks jurisdiction under Section 51.014 of the Civil Practice and Remedies Code to review the Motion to Dismiss. We dismiss this appeal for want of jurisdiction.


GUADALUPE RIVERA, Justice

June 24, 2009

Before McClure, J., Rivera, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment

6