COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| SHERIFF LEO SAMANIEGO, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, and EL PASO COUNTY, TEXAS, | § § § § | No. 08-08-00104-CV |
| Appellants, | § | Appeal from |
| v. | § | 168th District Court |
| JANET KELLER, ANTONIO ESCOBEDO, and LINDA HARTT-GOGGIN, | § § § | of El Paso County, Texas (TC # 2005-8306) |
| Appellees. | § | |

**O P I N I O N**

Sheriff Leo Samaniego, in his official capacity, and El Paso County appeal from an order denying a plea to the jurisdiction and motion to dismiss based on non-compliance with the notice requirement found in Section 89.0041(a) of the Texas Local Government Code. We dismiss in part and reverse and render in part.

**FACTUAL SUMMARY**

Janet Keller, Antonio Escobedo, and Linda Hart-Goggin, Appellees, were employed by the El Paso County Sheriff's Office until December 31, 2004.[1] When they were not reappointed by Sheriff Samaniego on January 1, 2005, Appellees appealed pursuant to the collective bargaining agreement. On August 22, 2005, the El Paso County Civil Service Commission ruled that it did not

---

[1] According to the pleadings, Keller and Escobedo were employed as detention corporals assigned to the jail division and Hartt-Goggin was a deputy sheriff.

have jurisdiction to hear the appeals because the three employees had not been terminated, but rather had not been reappointed at the end of their terms. Appellees filed suit against Sheriff Samaniego and El Paso County on November 30, 2005, alleging retaliatory discharge under Chapter 451 of the Texas Labor Code. The suit also included an appeal of the Civil Service Commission's decision pursuant to Section 158.037 of the Texas Local Government Code. El Paso County filed a plea to the jurisdiction and a motion to dismiss pursuant to Section 89.0041 of the Texas Government Code alleging that the trial court lacked jurisdiction because Appellees did not deliver written notice of the suit to the county judge and the county or district attorney having jurisdiction to defend the county in a civil suit. At the hearing on the plea, the County and Sheriff Samaniego offered evidence that Appellees did not give the statutory notice within thirty days of filing suit. The trial court denied the plea to the jurisdiction and the motion to dismiss. This appeal follows.

## NOTICE AS A JURISDICTIONAL REQUIREMENT

In its first issue on appeal, El Paso County[2] contends that the trial court abused its discretion by denying the plea to the jurisdiction and motion to dismiss because the undisputed evidence established that Appellees failed to give the requisite notice.[3]

### Standard of Review

A plea to the jurisdiction contests a trial court's subject matter jurisdiction. *Bland Independent School District v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *City of El Paso v. Maddox,* 276 S.W.3d 66, 70 (Tex.App.--El Paso 2008, pet. denied). Whether a court has subject matter

---

[2] Sheriff Samaniego died while this case was pending. It is well established that a suit against an official in his official capacity is effectively a suit against the governmental entity. *El Paso County v. Alvarado*, 290 S.W.3d 895, 897 n.2 (Tex.App.--El Paso 2009, no pet.). For convenience, we will refer to the Appellants as El Paso County throughout the opinion.

[3] During oral argument, the County abandoned this contention based upon our recent decision in *El Paso County v. Alvarado,* 290 S.W.3d 895, 898-99 (Tex.App.--El Paso 2009, no pet.). Because we must clarify a portion of that opinion, we will address the issue in part.

jurisdiction is a question of law which we review *de novo*. *Texas Department of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Maddox*, 276 S.W.3d at 70. Similarly, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law subject to *de novo* review. *Id*. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id*. at 228. This standard generally mirrors that of summary judgment under TEX.R.CIV.P. 166a(c). *Id*.

*Section 89.0041*

Section 89.0041 requires a person filing suit against a county or county official in his or her official capacity to deliver written notice to the county judge and to the county or district attorney having jurisdiction to defend the county in a civil suit. TEX.LOCAL GOV'T CODE ANN. § 89.0041(a) (Vernon 2008). The written notice must be delivered within thirty days after suit is filed and must contain the style and cause number of the suit, the court in which the suit was filed, the date on which the suit was filed, and the name of the person filing suit. TEX.LOCAL GOV'T CODE ANN. § 89.0041(b). If a person fails to give notice, the governmental defendants are entitled to dismissal upon filing a motion to dismiss. TEX.LOCAL GOV'T CODE ANN. § 89.0041(c). In 2005, the Legislature amended Section 311.034 of the Government Code to provide that: "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX.GOV'T CODE ANN. § 311.034 (Vernon Supp. 2009).

This court has held that Section 89.0041(a)'s requirement that notice be given after suit is filed is not jurisdictional because a notice provision is jurisdictional under Section 311.034 only if it is a prerequisite to a suit. *Alvarado*, 290 S.W.3d at 898-99. Other appellate courts have reached the same conclusion. *See Roccaforte v. Jefferson County*, 281 S.W.3d 230, 232-33 (Tex.App.--

Beaumont 2009, pet. filed); *County of Bexar v. Bruton*, 256 S.W.3d 345, 349 (Tex.App.--San Antonio 2008, no pet.); *Dallas County v. Coskey*, 247 S.W.3d 753, 755-56 (Tex.App.--Dallas 2008, pet. denied). We adhere to our holding.

*Appellate Court Jurisdiction*

In *Alvarado*, we dismissed for want of jurisdiction that portion of the appeal complaining of the trial court's ruling on the County's motion to dismiss but we affirmed the trial court's order insofar as it denied the County's plea to the jurisdiction. *Id.* at 898-99, *citing* TEX.CIV.PRAC.&REM. CODE ANN. § 51.014(a)(8). Section 51.014(a)(8) allows an appeal from an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit." TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(8)(Vernon 2008). The Texas Supreme Court has held, however, that not every plea to the jurisdiction can be appealed pursuant to Section 51.014(a)(8). *Texas Department of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004); *University of Texas Southwestern Medical Center v. Loutzenhiser*, 140 S.W.3d 351, 365-66 (Tex. 2004).[4] We must look to the substance of the issue raised in the plea to determine if an interlocutory appeal is permitted. *Simons*, 140 S.W.3d at 349; *Loutzenhiser*, 140 S.W.3d at 365-66. The reference in Section 51.014(a)(8) to "plea to the jurisdiction" is not to a particular procedural vehicle but to the substance of the issue raised. *Simons*, 140 S.W.3d at 349. Thus, an interlocutory appeal may be taken from a refusal to dismiss for want of jurisdiction whether the jurisdictional argument is presented by plea to the jurisdiction or some other vehicle such as a motion for summary judgment. *Id.* An interlocutory appeal cannot be taken from the denial of a plea to the jurisdiction that does not raise an issue that

---

[4] The Legislature effectively overruled *Loutzenhiser's* holding that Section 101.101's notice requirement is not jurisdictional by amending Section 311.034 of the Government Code. TEX.GOV'T CODE ANN. § 311.034. The rule stated in *Simons* and *Loutzenhiser* that not every plea to the jurisdiction can be appealed pursuant to Section 51.014(a)(8) is still good law.

can be jurisdictional.  *Id.*  In *Simons*, the Supreme Court determined that the notice requirement found in Section 101.101 of the Government Code is not jurisdictional such that an interlocutory appeal is not permitted.  *Id.* at 349.  Instead, the proper disposition is for the appellate court to dismiss the appeal for want of jurisdiction.  *Id.*

Because non-compliance with Section 89.0041's notice requirement is not a jurisdictional issue, we lack jurisdiction to review the denial of the plea or the denial of the motion to dismiss based on the lack of notice.  *See Simons*, 140 S.W.3d at 349.  We misspoke in *Alvarado* when we affirmed the trial court's order instead of dismissing the appeal.  In this case, we dismiss for want of jurisdiction that portion of the appeal challenging the trial court's ruling on the plea to the jurisdiction and the motion to dismiss based on the lack of notice under Section 89.0041(a).[5]

**UNTIMELY APPEAL OF**

**CIVIL SERVICE COMMISSION'S DECISION**

In its second issue, the County challenges the trial court's denial of the plea to the jurisdiction based on Appellees' failure to timely appeal the Civil Service Commission's decision by filing a petition in district court within thirty days.  Section 158.037(a) of the Texas Local Government Code provides:

> (a) An employee who, on a final decision by the commission, is demoted, suspended, or removed from a position may appeal the decision by filing a petition in a district court in the county within 30 days after the date of the decision.

TEX.LOCAL GOV'T CODE ANN. § 158.037(a)(Vernon 2008).

The right to appeal the decision of an administrative agency is a statutory right.  *Bouldin v. Bexar County Sheriff's Civil Service Commission*, 12 S.W.3d 527, 529 (Tex.App.--San Antonio

---

[5] The parties address a number of issues related to substantial compliance with the notice requirement.  Because we lack jurisdiction to review the trial court's ruling on the motion to dismiss, we express no opinion on these issues.

1999, no pet.). The applicable statutory provisions are mandatory and exclusive and must be complied with fully for the district court to have jurisdiction of the appeal. *Id.* The event which triggers the appellate period set forth in Section 158.037(a) is the date of the final decision of the Civil Service Commission. *Id.* Section 158.037(a) does not define what constitutes a "final decision", but the Texas Supreme Court has defined a final agency order as one (1) that is definitive; (2) promulgated in a formal manner; (3) with which the agency expects compliance; and (4) that imposes an obligation, denies a right, or fixes some legal relationship as a consummation of the administrative process. *Texas-New Mexico Power Co. v. Texas Indus. Energy Consumers*, 806 S.W.2d 230, 232 (Tex. 1991).

At the hearing on August 22, 2005, the Civil Service Commission determined by a unanimous vote that it did not have jurisdiction of the appeals[6], but it did not reduce its ruling to writing. The transcription of that meeting reflects that Appellees were present. In the hearing on the plea to the jurisdiction, the trial court expressed concern that the Commission's decision had not been reduced to writing. The court took the plea to the jurisdiction under advisement and later entered an order denying the plea without specifying the basis for the ruling.

Appellees have cited no authority requiring that the Commission's ruling be in writing to trigger the appellate period set forth in Section 158.037(a). The transcript of the hearing reflects that one of the commissioners tendered a formal motion that the Commission find it did not have jurisdiction of the appeals. The motion was seconded, and it carried by a unanimous vote of the commissioners. Thus, the ruling of the Commission was definitive and promulgated in a formal manner. *See Texas-New Mexico Power*, 806 S.W.2d at 232. It is also clear that the Commission expected compliance with its ruling. *Id.* We conclude that the Commission's decision was final on

---

[6] All parties agreed during oral argument that the Commission's determination was erroneous.

August 22, 2005. Section 158.037 required Appellees to appeal by filing a petition in district court within thirty days, but they failed to do so.

Appellees counter that the time limitation does not apply because they were not demoted, suspended, or removed from their employment positions as contemplated by Section 158.037(a). The statute presumes that the employee has suffered an adverse employment decision. Appellees suffered an adverse employment decision when they were not re-appointed. While the Commission may have erroneously determined that it lacked jurisdiction because of a semantical distinction, the employees were nevertheless required to initiate a lawsuit to address the merits of their complaints. Judicial review mandates compliance with the statutory procedural requisites. We sustain Issue Two, reverse the trial court's order denying that portion of the plea to the jurisdiction, and render judgment granting the plea to the jurisdiction related to the appeal filed pursuant to Section 158.037.

March 17, 2010

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, J., and Macias, Judge
Macias, Judge, sitting by assignment