COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TRIPLE X-RAY, INC., | § | No. 08-10-00364-CV |
| Appellant, | § | Appeal from the |
| v. | § | 109th District Court |
| WINKLER COUNTY MEMORIAL HOSPITAL, | § | of Winkler County, Texas |
| Appellee. | § | (TC# 15,555) |

## **O P I N I O N**

Appellant, Triple X-Ray, Inc. (Triple X-Ray) filed suit for breach of contract against Winkler County Memorial Hospital (the County). The trial court affirmed the County's plea to the jurisdiction in which it asserted its immunity from suit. We reverse.

## **BACKGROUND**

In or about September or October 1999, Triple X-Ray and the County entered into a contract whereby Triple X-Ray would provide diagnostic imaging equipment to the County for a term of five years and thereafter amended the contract in 2002, extending the term of the contract period by five years. The contract provided that the County would not duplicate, expand, contract for, or initiate another similar diagnostic imaging modality without the prior written consent of Triple X-Ray. After the County allegedly violated those terms, Triple X-Ray filed suit against the

County for breach of contract seeking actual damages and attorney's fees. In its answer, the County asserted the affirmative defense of governmental immunity from suit and counterclaimed that the contract was invalid under Article 11, Section 7 of the Texas Constitution and sought declaratory judgment, recovery of monies paid under the contract, prejudgment interest, and attorney's fees. The County thereafter nonsuited its counterclaim against Triple X-Ray and filed a plea to the jurisdiction based upon the doctrine of sovereign immunity.[1] Triple X-Ray contended that the County, by its conduct and by seeking affirmative relief, waived its immunity from suit. After hearing the parties' contentions, the trial court sustained the County's plea to the jurisdiction and entered its written findings of fact and conclusions of law, which included a finding that "Winkler County Memorial Hospital is a unit of Winkler County, Texas, a governmental entity."

## DISCUSSION

In its sole issue, and in reliance upon *Reata Construction Corp. v. City of Dallas*, Triple X-Ray asserts that the trial court erred in granting the County's plea to the jurisdiction because the County had waived its immunity concerning claims against it that are germane to, connected with, and properly defensive to the matters on which the County based its claims for affirmative relief. *Reata Construction Corp. v. City of Dallas*, 197 S.W.3d 371, 376 (Tex. 2006). Triple X-Ray also contends that the trial court erred in granting the plea because the County, by its conduct, waived its immunity.

### *Appellate Jurisdiction*

We first address the threshold matter of our jurisdiction to review the trial court's grant of

---

[1] In its second-amended answer, the County alleged and recognized that counties are cloaked with governmental immunity as discussed hereafter.

2

the County's plea to the jurisdiction. *Juarez v. Tex. Ass'n of Sporting Officials El Paso Chapter*, 172 S.W.3d 274, 278 (Tex. App. -- El Paso 2005, no pet.) ("We must inquire into our own jurisdiction, even if it is necessary to do so *sua sponte.*"). Absent a statute specifically authorizing an appeal, our jurisdiction is restricted to reviewing final judgments. *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex. 1985).

Section 51.014(a)(8) of the Civil Practices and Remedies Code specifies that a person may appeal from an interlocutory order of a district court, county court at law, or county court that grants or denies a governmental unit's plea to the jurisdiction. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2008). The term "governmental unit" is statutorily defined to include a county of this state. TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3) (West 2011). Because Winkler County is statutorily defined to be a governmental unit and the County is a county hospital under Section 263.021 of the Health and Safety Code, we find that we have jurisdiction to consider Triple X-Ray's interlocutory appeal of the trial court's order granting the County's plea to the jurisdiction. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2008); TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3); TEX. HEALTH & SAFETY CODE ANN. § 263.021 (West 2010).

*Standard of Review*

When a party asserts governmental immunity to suit, it challenges the trial court's jurisdiction. *Harris Co. Hosp. Dist. v. Tomball Reg. Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009); *see also Bland Independent School District v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Samaniego v. Keller*, 319 S.W.3d 825, 828 (Tex. App. -- El Paso 2010, no pet.). Because it involves a question of law, we review *de novo* a motion or plea asserting governmental immunity. *Harris Co. Hosp.*

3

*Dist.*, 283 S.W.3d at 842. Thus, we review *de novo* whether a trial court has subject-matter jurisdiction and whether a pleader has alleged facts that affirmatively demonstrate the trial court's subject-matter jurisdiction. *Texas Department of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *Samaniego*, 319 S.W.3d at 828.

A plaintiff has the burden of pleading facts which affirmatively show that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). Thus, we first consider the plaintiff's petition to determine whether the facts pled affirmatively demonstrate that jurisdiction exists. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007), *citing Texas Department of Parks & Wildlife*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *Texas Department of Parks & Wildlife*, 133 S.W.3d at 226, 228. If the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable defect, the plaintiff should be afforded an opportunity to replead. *Holland*, 221 S.W.3d at 643; *Texas Department of Parks & Wildlife*, 133 S.W.3d at 226-27. However, in some instances, a plea to the jurisdiction may require our consideration of evidence pertaining to jurisdictional facts. *Holland*, 221 S.W.3d at 643; *Texas Department of Parks & Wildlife*, 133 S.W.3d at 227; *Bland Independent School District*, 34 S.W.3d at 555. "A plea should not be granted if a fact issue is presented as to the court's jurisdiction, but if the relevant undisputed evidence negates jurisdiction, then the plea to the jurisdiction must be granted." *Holland*, 221 S.W.3d at 643, *citing Texas Department of Parks & Wildlife*, 133 S.W.3d at 227-28.

### Governmental Immunity

The Texas Supreme Court has distinguished the related concepts of sovereign immunity

and governmental immunity. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). Sovereign immunity protects from suit and liability the State and its various divisions such as agencies, boards, hospitals, and universities, and governmental immunity protects from suit and liability the State's political subdivisions such as counties, cities, and school districts. *Id.* Political subdivisions of the State, including hospital districts, are protected by governmental immunity from lawsuits for damages. *Harris Co. Hosp. Dist.*, 283 S.W.3d at 842; *see also Wichita Falls State Hosp.,* 106 S.W.3d at 694 n.3.

The two components of governmental immunity are "whether the State has consented to suit and whether the State has accepted liability." *Harris Co. Hosp. Dist.*, 283 S.W.3d at 842; *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Although immunity from liability is not jurisdictional and protects the governmental entity from the enforcement of judgments against it, immunity from suit is jurisdictional and bars suit against the entity altogether. *Harris Co. Hosp. Dist.*, 283 S.W.3d at 842; *Tooke*, 197 S.W.3d at 332; *Texas Department of Parks & Wildlife*, 133 S.W.3d at 224. Thus, while a governmental entity which enters into a contract necessarily waives immunity from liability and, like any other party, binds itself to the terms of the agreement, the entity does not waive immunity from suit. *Tooke*, 197 S.W.3d at 332; *Vantage Systems Design, Inc. v. Raymondville I.S.D.*, 290 S.W.3d 312, 315 (Tex. App. -- Corpus Christi 2009, pet. denied).

*Waiver of Immunity from Suit by Statute*

A governmental entity's conduct in accepting benefits under a contract does not necessarily waive immunity from suit for breach of contract. *See Tex. A & M Univ. Sys v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) (Legislature had not consented to suit), *citing Gen.*

5

*Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 597-98 (Tex. 2001). As noted by the Texas Supreme Court, "there is but one route to the courthouse for breach-of-contract claims against the State, and that route is through the Legislature." *Little-Tex*, 39 S.W.3d at 597-98; *Catalina Dev. Inc. v. County of El Paso*, 121 S.W.3d 704, 705-06 (Tex. 2003).

Section 311.034 of the Code Construction Act states that a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. TEX. GOV'T CODE ANN. §§ 311.001, 311.034 (West 2005). Thus, exceptions to the governmental-immunity doctrine are applicable under those conditions established by the Texas Legislature. *See Wichita Falls State Hosp.*, 106 S.W.3d at 696 (consent to suit must typically be provided in a constitutional provision or by legislative enactment); *Harris County v. Dillard*, 883 S.W.2d 166, 168 (Tex. 1994).

In Section 271.152 of the Texas Local Government Code, the Legislature has specified that a local governmental entity authorized by statute or constitution to enter into a contract and that enters into a contract subject to the subchapter, waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of contract. TEX. LOC. GOV'T CODE ANN. § 271.152 (West 2005); *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 412 (Tex. 2011) (Section 271.152 waived city's immunity from suit for breach-of-contract claim arising from contract for services). However, because the Legislature expressly excluded counties from those political subdivisions encompassed within the definition of "local governmental entity," the waiver-of-immunity provision in Section 271.152 is not applicable to counties that are sued for breach of contract. TEX. LOC. GOV'T CODE ANN. § 271.151(3) (West 2005); *Potter County v. Tuckness*, 308 S.W.3d 425, 431 (Tex. App. -- Amarillo 2010, no pet.). Thus, Section 271.152 does not waive the County's immunity for breach of contract.

6

*Counterclaim, Nonsuit, and Wavier by Conduct*

The Texas Supreme Court has found to be fundamentally unfair a governmental entity's assertion of affirmative claims against a party when the entity contends that it is immune from the party's claims against it. *Reata Construction Corp. v. City of Dallas*, 197 S.W.3d 371, 376 (Tex. 2006). In *Reata*, the Supreme Court held that "when an affirmative claim for relief is filed by a governmental entity, . . . immunity from suit no longer completely exists for the governmental entity." *Reata*, 197 S.W.3d at 376. There, the Court explained that:

> [W]here the governmental entity has joined into the litigation process by asserting its own affirmative claims for monetary relief, we see no ill befalling the governmental entity or hampering of its governmental functions by allowing adverse parties to assert, as an offset, claims germane to, connected with, and properly defensive to those asserted by the governmental entity.

*Reata*, 197 S.W.3d at 376-77. Subsequently, the Court held that an entity does not have immunity from suit for claims germane to, connected with, and properly defensive to its counterclaim to the extent an opposing party's claims act as an offset against the entity's recovery, even when the counterclaim is compulsory. *City of Irving v. Inform Const., Inc.*, 201 S.W.3d 693, 694 (Tex. 2006) (per curiam).

During the pendency of this appeal, the Supreme Court issued its opinion in *City of Dallas v. Albert*, 354 S.W.3d 368 (Tex. 2011). There, the Supreme Court determined that a governmental entity's nonsuit of its counterclaim did not reinstate the entity's immunity from suit for claims that would offset, in whole or in part, any recovery by the city and that were germane to, connected with, or properly defensive to the entity's claims. *Id*. at 374-75. The *Albert* opinion explains:

> [W]hen a governmental entity asserts affirmative claims for monetary recovery, whether by filing suit or by counterclaim, the trial court acquires jurisdiction over the entity's claims and certain offsetting, defensive claims asserted against the

8

entity. *Id.* at 375. However, nonsuit of a governmental entity's counterclaim neither reinstates nor creates immunity for the entity. *Id*. at 376. Where a party has affirmative claims pending at the time the governmental entity nonsuits its counterclaim, "the trial court retain[s] jurisdiction over the [party's] claims to the extent it had acquired it." *Id*. at 375.

Triple X-Ray also contends that the County, by its conduct, waived its immunity from suit. Because the Legislature alone can waive sovereign immunity, an entity's conduct in accepting benefits under a contract does not waive immunity from suit. *Tex. Natural Resource Conservation Com'n v. IT-Davy*, 74 S.W.3d 849, 857 (Tex. 2002). Recently, in its *Sharyland* opinion, the Supreme Court again rejected "the invitation to recognize a waiver-by-conduct exception in a breach-of-contract suit against a governmental entity." *Sharyland*, 354 S.W.3d at 414. Therefore, the County did not by its conduct waive its governmental immunity from suit.

However, because the County asserted affirmative claims for monetary recovery by counterclaim, the trial court acquired jurisdiction over the County's claims and certain offsetting, defensive claims asserted against the entity. *Albert*, 354 S.W.3d at 375. Because Triple X-Ray had affirmative claims pending at the time the County nonsuited its counterclaim, the trial court retained its jurisdiction over Triple X-Ray's claims to the extent it had acquired it. *Albert*, 354 S.W.3d at 375. We therefore sustain Issue One.

## CONCLUSION

The trial court's order sustaining the plea to the jurisdiction is reversed and the case is remanded for further proceedings.


April 11, 2012                                    GUADALUPE RIVERA, Justice

Before McClure, C.J., Rivera, J., and Antcliff, J.


9