COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 TRIPLE X-RAY, INC.,
  
                             Appellant,
  
 v.
  
 WINKLER COUNTY MEMORIAL HOSPITAL,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-10-00364-CV
  
 Appeal from the
  
 109th
 District Court 
  
 of Winkler
 County, Texas 
  
 (TC# 15,555) 
  
 
 


 

O P I N I O N

Appellant, Triple X-Ray, Inc. (Triple X-Ray)
filed suit for breach of contract against Winkler County Memorial Hospital (the
County).  The trial court affirmed the
County’s plea to the jurisdiction in which it asserted its immunity from
suit.  We reverse.

BACKGROUND








In or about September or October 1999, Triple
X-Ray and the County entered into a contract whereby Triple X-Ray would provide
diagnostic imaging equipment to the County for a term of five years and
thereafter amended the contract in 2002, extending the term of the contract
period by five years.  The contract
provided that the County would not duplicate, expand, contract for, or initiate
another similar diagnostic imaging modality without the prior written consent
of Triple X-Ray.  After the County allegedly
violated those terms, Triple X-Ray filed suit against the County for breach of
contract seeking actual damages and attorney’s fees.  In its answer, the County asserted the
affirmative defense of governmental immunity from suit and counterclaimed that
the contract was invalid under Article 11, Section 7 of the Texas Constitution
and sought declaratory judgment, recovery of monies paid under the contract,
prejudgment interest, and attorney’s fees. 
The County thereafter nonsuited its counterclaim against Triple X-Ray
and filed a plea to the jurisdiction based upon the doctrine of sovereign
immunity.[1]
 Triple X-Ray contended that the County,
by its conduct and by seeking affirmative relief, waived its immunity from suit.  After hearing the parties’ contentions, the
trial court sustained the County’s plea to the jurisdiction and entered its
written findings of fact and conclusions of law, which included a finding that
“Winkler County Memorial Hospital is a unit of Winkler County, Texas, a
governmental entity.”

DISCUSSION

In its sole issue, and in reliance upon Reata Construction Corp. v. City of Dallas,
Triple X-Ray asserts that the trial court erred in granting the County’s plea
to the jurisdiction because the County had waived its immunity concerning
claims against it that are germane to, connected with, and properly defensive
to the matters on which the County based its claims for affirmative
relief.  Reata Construction Corp. v. City of Dallas, 197 S.W.3d 371, 376
(Tex. 2006).  Triple X-Ray also contends
that the trial court erred in granting the plea because the County, by its
conduct, waived its immunity.

Appellate
Jurisdiction

We first address the threshold matter of our
jurisdiction to review the trial court’s grant of the County’s plea to the
jurisdiction.  Juarez v. Tex. Ass’n of
Sporting Officials El Paso Chapter, 172 S.W.3d 274, 278 (Tex. App. -- El
Paso 2005, no pet.) (“We must inquire into our own jurisdiction, even if it is
necessary to do so sua sponte.”).  Absent a statute specifically authorizing an
appeal, our jurisdiction is restricted to reviewing final judgments.  Cherokee Water Co. v. Ross, 698 S.W.2d
363, 365 (Tex. 1985).

Section 51.014(a)(8) of the Civil Practices
and Remedies Code specifies that a person may appeal from an interlocutory
order of a district court, county court at law, or county court that grants or
denies a governmental unit’s plea to the jurisdiction.  Tex.
Civ. Prac. & Rem. Code Ann. '
51.014(a)(8) (West 2008).  The term “governmental
unit” is statutorily defined to include a county of this state.  Tex.
Civ. Prac. & Rem. Code Ann. '
101.001(3) (West 2011).  Because Winkler
County is statutorily defined to be a governmental unit and the County is a
county hospital under Section 263.021 of the Health and Safety Code, we find
that we have jurisdiction to consider Triple X-Ray’s interlocutory appeal of
the trial court’s order granting the County’s plea to the jurisdiction.  Tex.
Civ. Prac. & Rem. Code Ann. '
51.014(a)(8) (West 2008); Tex. Civ.
Prac. & Rem. Code Ann. '
101.001(3); Tex. Health & Safety
Code Ann. § 263.021 (West 2010).

Standard
of Review

When a party asserts governmental immunity
to suit, it challenges the trial court’s jurisdiction.  Harris
Co. Hosp. Dist. v. Tomball Reg. Hosp., 283 S.W.3d 838, 842 (Tex. 2009); see also Bland Independent School
District v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); Samaniego v. Keller,
319 S.W.3d 825, 828 (Tex. App. -- El Paso 2010, no pet.).  Because it involves a question of law, we
review de novo a motion or plea asserting governmental immunity.  Harris
Co. Hosp. Dist., 283 S.W.3d at 842. 
Thus, we review de novo
whether a trial court has subject-matter jurisdiction and whether a pleader has
alleged facts that affirmatively demonstrate the trial court’s subject-matter
jurisdiction.  Texas Department of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 228 (Tex. 2004); Samaniego,
319 S.W.3d at 828. 








A plaintiff has the burden
of pleading facts which affirmatively show that the trial court has
jurisdiction.  Tex. Ass’n of Bus. v.
Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  Thus, we first consider the plaintiff=s petition to determine whether the
facts pled affirmatively demonstrate that jurisdiction exists.  State v. Holland, 221 S.W.3d 639, 642
(Tex. 2007), citing   Texas
Department of Parks & Wildlife, 133 S.W.3d at 226. We construe the
pleadings liberally in favor of the pleader, look to the pleader’s intent, and
accept as true the factual allegations in the pleadings.  Texas Department of Parks & Wildlife,
133 S.W.3d at 226, 228.  If the pleadings
are insufficient to establish jurisdiction but do not affirmatively demonstrate
an incurable defect, the plaintiff should be afforded an opportunity to
replead.  Holland, 221 S.W.3d at
643; Texas Department of Parks & Wildlife, 133 S.W.3d at 226-27.  However, in some instances, a plea to the
jurisdiction may require our consideration of evidence pertaining to
jurisdictional facts.  Holland,
221 S.W.3d at 643; Texas Department of Parks & Wildlife, 133 S.W.3d
at 227; Bland Independent School District, 34 S.W.3d at 555.  “A plea should not be granted if a fact issue
is presented as to the court’s jurisdiction, but if the relevant undisputed
evidence negates jurisdiction, then the plea to the jurisdiction must be
granted.”  Holland, 221 S.W.3d at
643, citing Texas Department of Parks & Wildlife, 133 S.W.3d at
227-28.

Governmental Immunity

The Texas Supreme Court has
distinguished the related concepts of sovereign immunity and governmental
immunity.  Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 694 n.3 (Tex.
2003).  Sovereign immunity protects from
suit and liability the State and its various divisions such as agencies,
boards, hospitals, and universities, and governmental immunity protects from
suit and liability the State’s political subdivisions such as counties, cities,
and school districts.  Id. 
Political subdivisions of the State, including hospital districts, are
protected by governmental immunity from lawsuits for damages.  Harris
Co. Hosp. Dist., 283 S.W.3d at 842; see
also Wichita Falls State Hosp., 106 S.W.3d at 694 n.3.

The two components of
governmental immunity are “whether the State has consented to suit and whether
the State has accepted liability.”  Harris Co. Hosp. Dist., 283 S.W.3d at
842; Tooke v. City of Mexia, 197
S.W.3d 325, 332 (Tex. 2006).  Although immunity
from liability is not jurisdictional and protects the governmental entity from the
enforcement of judgments against it, immunity from suit is jurisdictional and
bars suit against the entity altogether. 
Harris Co. Hosp. Dist., 283
S.W.3d at 842; Tooke, 197 S.W.3d at
332; Texas Department of Parks & Wildlife, 133 S.W.3d at 224.  Thus, while a governmental entity which
enters into a contract necessarily waives immunity from liability and, like any
other party, binds itself to the terms of the agreement, the entity does not
waive immunity from suit.  Tooke, 197 S.W.3d at 332; Vantage Systems Design, Inc. v. Raymondville
I.S.D., 290 S.W.3d 312, 315 (Tex. App. -- Corpus Christi 2009, pet. denied).

Waiver of Immunity from Suit by Statute

A governmental entity’s conduct in accepting
benefits under a contract does not necessarily waive immunity from suit for
breach of contract.  See Tex. A & M Univ. Sys v. Koseoglu, 233 S.W.3d 835, 840 (Tex.
2007) (Legislature had not consented to suit), citing Gen. Servs. Comm’n v. Little-Tex Insulation Co., 39 S.W.3d
591, 597-98 (Tex. 2001).  As noted by the
Texas Supreme Court, “there is but one route to the courthouse for
breach-of-contract claims against the State, and that route is through the
Legislature.” Little-Tex, 39 S.W.3d at 597-98; Catalina Dev. Inc. v. County of El Paso,
121 S.W.3d 704, 705-06 (Tex. 2003).

Section 311.034 of the Code Construction Act
states that a statute shall not be construed as a waiver of sovereign immunity
unless the waiver is effected by clear and unambiguous language.  Tex.
Gov=t Code Ann. ''
311.001, 311.034 (West 2005).  Thus, exceptions
to the governmental-immunity doctrine are applicable under those conditions
established by the Texas Legislature.  See Wichita Falls State Hosp., 106
S.W.3d at 696 (consent to suit must typically be provided in a constitutional
provision or by legislative enactment); Harris
County v. Dillard, 883 S.W.2d 166, 168 (Tex. 1994).

In Section 271.152 of the Texas Local
Government Code, the Legislature has specified that a local governmental entity
authorized by statute or constitution to enter into a contract and that enters
into a contract subject to the subchapter, waives sovereign immunity to suit
for the purpose of adjudicating a claim for breach of contract.  Tex.
Loc. Gov’t Code Ann. § 271.152 (West 2005); Sharyland Water Supply Corp. v. City of Alton, 354 S.W.3d 407, 412
(Tex. 2011) (Section 271.152 waived city’s immunity from suit for breach-of-contract
claim arising from contract for services). 
However, because the Legislature expressly excluded counties from those
political subdivisions encompassed within the definition of “local governmental
entity,” the waiver-of-immunity provision in Section 271.152 is not applicable
to counties that are sued for breach of contract.  Tex.
Loc. Gov’t Code Ann. § 271.151(3) (West 2005); Potter County v. Tuckness, 308 S.W.3d 425, 431 (Tex. App. -- Amarillo
2010, no pet.).  Thus, Section 271.152
does not waive the County’s immunity for breach of contract.




 

Counterclaim, Nonsuit, and Wavier by Conduct

The Texas Supreme Court has found to be
fundamentally unfair a governmental entity’s assertion of affirmative claims
against a party when the entity contends that it is immune from the party’s
claims against it.  Reata Construction Corp. v. City of Dallas, 197 S.W.3d 371, 376
(Tex. 2006).  In Reata, the Supreme Court held that “when an affirmative claim for
relief is filed by a governmental entity, . . . immunity from suit no longer
completely exists for the governmental entity.” 
Reata, 197 S.W.3d at 376.  There, the Court explained that:

[W]here
the governmental entity has joined into the litigation process by asserting its
own affirmative claims for monetary relief, we see no ill befalling the
governmental entity or hampering of its governmental functions by allowing
adverse parties to assert, as an offset, claims germane to, connected with, and
properly defensive to those asserted by the governmental entity.

 

Reata, 197 S.W.3d
at 376-77.  Subsequently, the Court held
that an entity does not have immunity from suit for claims germane to,
connected with, and properly defensive to its counterclaim to the extent an
opposing party’s claims act as an offset against the entity’s recovery, even
when the counterclaim is compulsory.  City of Irving v. Inform Const., Inc., 201
S.W.3d 693, 694 (Tex. 2006) (per curiam).

            During the
pendency of this appeal, the Supreme Court issued its opinion in City of Dallas v. Albert, 354 S.W.3d 368
(Tex. 2011).  There, the Supreme Court
determined that a governmental entity’s nonsuit of its counterclaim did not
reinstate the entity’s immunity from suit for claims that would offset, in
whole or in part, any recovery by the city and that were germane to, connected
with, or properly defensive to the entity’s claims.  Id.
at 374-75.  The Albert opinion explains:

[W]hen a governmental entity asserts
affirmative claims for monetary recovery, whether by filing suit or by
counterclaim, the trial court acquires jurisdiction over the entity’s claims
and certain offsetting, defensive claims asserted against the 








entity.

 

Id. at 375.  However, nonsuit of a governmental entity’s
counterclaim neither reinstates nor creates immunity for the entity.  Id.
at 376.  Where a party has affirmative
claims pending at the time the governmental entity nonsuits its counterclaim, “the
trial court retain[s] jurisdiction over the [party’s] claims to the extent it
had acquired it.”  Id. at 375.

            Triple X-Ray
also contends that the County, by its conduct, waived its immunity from suit.  Because the Legislature alone can waive
sovereign immunity, an entity’s conduct in accepting benefits under a contract
does not waive immunity from suit.  Tex. Natural Resource Conservation Com’n v.
IT-Davy, 74 S.W.3d 849, 857 (Tex. 2002).  Recently, in its Sharyland opinion, the Supreme Court again rejected “the invitation
to recognize a waiver-by-conduct exception in a breach-of-contract suit against
a governmental entity.”  Sharyland, 354 S.W.3d at 414.  Therefore, the County did not by its conduct
waive its governmental immunity from suit.

            However, because
the County asserted affirmative claims for monetary recovery by counterclaim,
the trial court acquired jurisdiction over the County’s claims and certain
offsetting, defensive claims asserted against the entity.  Albert,
354 S.W.3d at 375.  Because Triple X-Ray
had affirmative claims pending at the time the County nonsuited its
counterclaim, the trial court retained its jurisdiction over Triple X-Ray’s
claims to the extent it had acquired it. 
Albert, 354 S.W.3d at 375.  We therefore sustain Issue One.

CONCLUSION

The trial court’s order sustaining the plea
to the jurisdiction is reversed and the case is remanded for further
proceedings.

 

April 11, 2012                                                 GUADALUPE
RIVERA, Justice

 

Before McClure, C.J., Rivera, J., and Antcliff, J.











[1]
In its second-amended answer, the County alleged and recognized that counties
are cloaked with governmental immunity as discussed hereafter.